## Reichert Estate

*John J. Krafsig, Jr.*, and *John A. Roe*, for petitioner.
*Walter H. Compton*, for respondent.

RICHARDS, P. J., September 20, 1960.—Z. Andrew Reichert died on August 13, 1943. At the time of his death it was presumed that he died intestate and no attempts were made to administer his estate. Almost 12 years later a will of decedent was discovered in the glove compartment of an automobile. This will was dated January 14, 1936. It was probated on May 19, 1955, and letters testamentary were issued to B. H. Reichert, who was a brother of decedent. The latter has since died and the Dauphin Deposit Trust Company was appointed administrator d. b. n. c. t. a., under date of September 15, 1959. This will contained the following provisions:

". . . 4. My sister Carrie M. Reichert, having plenty and no family, to her I leave half interest in the farm, farm implements and stock with the right to buy the other half interest at the appraisement if she wants to stay on the farm.

"5. As a reward for what he did for us, I leave half interest in the farm, farm implements and stock and

the rest of my estate including what money is left after all expenses are paid, to my brother B. H. Reichert, and I hereby name him Executor."

Subsequently, a petition for a citation was issued under date of September 21, 1959, at the request of Carrie M. Reichert, sister of decedent, requesting the administrator d.b.n.c.t.a., and all other interested parties to show cause why she should not be permitted to buy the one-half interest in the farm which was left to B. H. Reichert at the appraised value of $4,500. This appraisement was not made until October 19, 1959, but it purported to fix the valuation as of the date of the death, viz: August 13, 1943. The citation was subsequently amended and served additionally. To the citation an answer was filed in the nature of a demurrer, the principal points of which are that the option to buy was not exercised within a reasonable time, and it would be unjust to permit petitioner to buy at the appraised value. The parties have filed a brief stipulation of facts.

The real difficulty in this case arises from the fact that there has been a great appreciation in the value of the farm. The stipulation for the purposes of this argument agrees that the value is at least twice what it was at the time of death. We will first note that the will very obviously intended to benefit B. H. Reichert to a greater extent than Carrie M. Reichert. This is clear from the fact he gave each of them a one-half interest in the farm and the stock but to B. H. Reichert was given the entire remainder of the estate. The option involved pertained only to the farm, the farm implements and stock.

We cannot hold that Carrie M. Reichert was guilty of laches in exercising this option, for the reason she had no way of knowing about it until 1955. She acted with reasonable promptness thereafter. However,

there are other controlling reasons why we cannot grant the prayer of her petition.

In the first place, unless otherwise provided, an option must be exercised within a reasonable time. This is shown by many cases, one of which is Weiskircher Estate, 384 Pa. 619, at page 623, in an opinion written by Mr. Justice Bell. The purpose of such a requirement is to facilitate the settling of estates and to avoid hardship arising from depreciation or appreciation after the lapse of a considerable time as is true in this case. It was certainly not the intent of decedent to permit his sister, Carrie M. Reichert, to gain any undue benefit by the exercise of this option because, as we said, the will shows that he intended his brother to have the greater benefit. To now permit Carrie M. Reichert to exercise this option and buy the other half interest in the farm for $2,250 would be an obvious injustice to B. H. Reichert and his estate.

Another thing is to be noted, that petitioner insists upon buying it at the appraised value as of 1943. This will does not specify what kind of an appraisement is meant, and we may not conclude that he meant the valuation placed upon it at the time of death by, or on behalf of, the personal representative, who, of course, was nonexistent for some 12 years.

We, therefore, have before us the very limited problem of the rights of Carrie M. Reichert to buy the other half interest in the farm at one-half of the value appraised as of 1943. It is our opinion that the value of this farm has increased much more than twice. This is because of building developments in the community. Since it would not only be unjust and inequitable but contrary to the intent of decedent, we must refuse the prayer of the petition and decline to permit Carrie M. Reichert to purchase the other one-half interest for $2,250. This could, under no circumstances be

deemed an exercise of the option within a reasonable time. We say this, notwithstanding the fact that it was certainly not Carrie M. Reichert's fault that she did not know of the option before she did. On the other hand, neither did her brother B. H. Reichert.

### Order

And now, September 10, 1960, the demurrer is sustained and the prayer of the petition is refused.